UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Action Case No. 1:18-cv-03047 |
| v. | ) Judge Bucklo |
| GLENN ALEXANDER, | ) Magistrate Judge Gilbert |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves for the entry of an order dismissing Defendant's counterclaim with prejudice, and in support states:

**I. INTRODUCTION**

Defendant's counterclaim fails to state a plausible claim for relief and should, be dismissed. Defendant's Counterclaim for Declaratory Judgment of Non-Infringement is duplicative of the general denials of liability provided in Defendant's Answer, and is wholly unnecessary because it merely restates issues that are already before this court; namely, whether Plaintiff's copyrights are valid and enforceable and whether Defendant is liable for the alleged infringement. Seventh Circuit precedent makes clear that counterclaims that are merely answers or defenses are *not* independent pieces of litigation and should be dismissed. For the foregoing reasons, as explained more fully below, the Court should dismiss Defendant's counterclaims.

**II. LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above

the speculative level" and to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, the complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bell Atlantic Corp. v. Twombly* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal* at 678. The court "accept[s] all well pleaded allegations in the counterclaim as true and draw[s] all reasonable inferences in favor of the counterclaim plaintiff." *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F. 3d 570, 574 (7th Cir. 2001). Allegations pled as legal conclusions are not entitled to a presumption of truth. *Ashcroft v. Iqbal* at 677–79.

### III.   ARGUMENT

#### A. Defendant's Counterclaim Fails to State a Claim for Relief

Defendant's Counterclaim fails and should be dismissed because it is redundant and merely addresses the same issues already presented in the Complaint. Additionally, declaratory judgment plaintiffs in copyright actions must be engaged in an actual making, selling, or using activity subject to an infringement charge or must have made meaningful preparation for such activity. *Red Hat, Inc. v. SCO Grp., Inc.*, No. 03-772-SLR, 2004 U.S. Dist. LEXIS 7077, at *3 (D. Del. Apr. 6, 2004) (Holding plaintiff must have engaged in allegedly infringing acts or possessed the capability and definite intention to engage immediately in such acts as declaratory judgment plaintiffs are prohibited from seeking advisory opinions on their potential liability for copyright infringement.) In the instant matter through her Answer, Affirmative Defenses, and Counterclaim [CM/ECF 15, p. 17 ¶ 16], Defendant has expressly denied she has engaged in any infringing acts.

Therefore, the relief sought is both redundant of her denials set forth in the Answer and Affirmative Defenses and is an improper attempt to seek an advisory opinion on liability for acts she claims did not take place.

The decision to grant a declaratory judgment is entirely within the Court's discretion. *Nielsen Co. (US), LLC v. Truck Ads, LLC*, No. 08 C 6446, 2011 U.S. Dist. LEXIS 6453 at *14-15 (N.D. Ill. Jan. 24, 2011). ("In deciding whether to hear a declaratory judgment action, this court's discretion is broad, and should be based on practicality and wise judicial administration.") (internal citation omitted). "The Declaratory Judgment Act [DJA] was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112, (1962). The DJA provides that:

> "in a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

28 U.S.C. § 2201(a). "The prerequisite of an actual controversy tracks the limitation of Article III, which extends federal jurisdiction only to actual controversies which arise under the Constitution, laws or treaties of the United States. *Planet Hollywood (Region IV), Inc. v. Hollywood Casino Corp.*, 80 F. Supp. 2d 815, 871 (N.D. Ill. 1999). "The constitutional imperative against issuance of advisory opinions is unmistakable." *Id.* There is no actual controversy here because the Defendant's counterclaim merely seeks an advisory opinion that she did not infringe the Plaintiff's copyright. This issue will be addressed in the Plaintiff's action.

When a counterclaim seeks no affirmative relief other than a finding that the Defendant is not liable to Plaintiff for copyright infringement, that counterclaim must be dismissed. This was precisely the result when this issue was taken up by this Court in *Malibu Media, LLC v. Doe*, No.

13 C 3648, 2014 U.S. Dist. LEXIS 77929 at * 5 (N.D. Ill. June 9, 2014). In that case, the Honorable Judge Kennelly held that Defendant's Declaratory Judgment of Non-Infringment Counterclaim also sought no more than a determination that Defendant was not liable for copyright infringement. *Id.* Judge Kennelly further held that "what is actually a defense to a suit does not become an independent claim based upon its relabeling." *Id. See also Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985), and *Green Bay Packaging, Inc. v. Hoganson & Assocs., Inc.*, 362 F. Supp. 78 (N.D. Ill. 1973), (what is actually a defense to a suit does not become an independent claim based on its relabeling). Therefore, Defendant's counterclaim of non-infringement should be dismissed.

Further, when a counterclaim merely restates the issues as a "mirror image" to the complaint, the counterclaim serves no purpose. *C. Wright, A. Miller & M. Kane, Federal Practice and Procedure,* § 1406, at 32-33 (1990) (noting "authority that when a request for declaratory relief raises issues already presented in the complaint and answer, a counterclaim may be stricken as redundant since a resolution of the original claim will render the request for a declaratory judgment moot."). *See also e.g., Malibu Media, LLC v. Ricupero*, Case No. 16-3628, 2017 U.S. App. LEXIS 16586 (6th Cir. August 28, 2017) (Affirming the District Court's dismissal of the declaratory judgment counterclaim identical to the one in the instant case where the counterclaim allegations track those made in Plaintiff's complaint and seek only a declaratory judgment that he did not infringe copyrighted works.); *Tenneco Inc. v. Saxony Bar & Tube, Inc.* at 1379. ("The label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label."); Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated… [.]")

This rule is founded on sound policy because otherwise Plaintiff would have to answer a declaratory action denying everything and referring back to the complaint. Also, it would confuse a jury if the matter proceeds to that stage. Moreover, the declaration is simply unnecessary. If Defendant wins at trial, the jury's verdict will find her not liable and validate either the denial of liability or affirmative defenses already pleaded. In this regard, Defendant's counterclaim does nothing to clarify and settle the legal relationships in issue or afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. Defendant's counterclaim is a mere mirror-image of the allegations in Plaintiff's complaint and accordingly, it should be dismissed.

Defendant's counterclaim does not contain an independent claim for relief. Indeed, Defendant's counterclaim adds nothing to the pleadings already put before this Court since she seeks only a declaration that she did not infringe Plaintiff's works and requests "[t]hat Plaintiff take nothing from its amended complaint and its claims be dismissed with prejudice." [CM/ECF 15, p. 19, ¶¶ A, B]. As stated above, both of these goals will be accomplished should Defendant prevail at trial. Defendant's mere denials of liability provide no basis for an independent action and accordingly, her counterclaim should be dismissed.

While not listed as a separate counterclaim, Defendant also requests that the court find "[t]hat Plaintiff has misused its copyrights and they should be unenforceable." [CM/ECF15, p. 19 ¶ C]. Copyright misuse is ordinarily brought as an affirmative defense. *Nielsen Co. (US), LLC v. Truck Ads, LLC*, No. 08 C 6446, 2011 U.S. Dist. LEXIS 6453 at * 17 (N.D. Ill. Jan. 24, 2011). For a copyright misuse allegation to stand, the "underlying [copyright] infringement claim must be wholly lacking in merit." *Id* at 21. "The Seventh Circuit recognizes that copyright misuse occurs where a copyright owner uses an infringement suit or threat of suit to obtain protection that copyright law *does not confer*." *Id* at 21-22. Defendant's request for a ruling on copyright misuse

5

should not be granted because Plaintiff's claim has merit and Plaintiff seeks to protect its works that are protected under the Copyright Act.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court dismiss Defendant's counterclaim with prejudice.

Dated: October 3, 2018　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　MEDIA LITIGATION FIRM, P.C.
　　　　　　　　　　　　　　　　　By:　/s/ *Mary K. Schulz*
　　　　　　　　　　　　　　　　　　　　Mary K. Schulz, Esq.
　　　　　　　　　　　　　　　　　　　　1144 E. State Street, Suite A260
　　　　　　　　　　　　　　　　　　　　Geneva, Il 60134
　　　　　　　　　　　　　　　　　　　　Tel: (312) 213-7196
　　　　　　　　　　　　　　　　　　　　Email: medialitigationfirm@gmail.com
　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*


**CERTIFICATE OF SERVICE**

I hereby certify that October 3, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

　　　　　　　　　　　　　　　　　By:　/s/ *Mary K. Schulz*